Read, J.,
dissenting.
I can not concur in the opinion of a majority of the court in this case. It is similar, in principle, to the case of Thacker v. Hawk et al., and was considered with it.
Section 1 of the “act for the support and better regulation of common schools,” etc., passed March 7, 1838, limits the common school fund to the education “ of all white youth in the state.”
The words of the statute, in my opinion, excludes Indians and part Indians, and all persons not of the pure blood of the white *raee. For my views, fully, upon the meaning of the word white, as applied to designate races of men, I refer to my dissenting opinion to the case of Thacker v. Hawk et al.
The Indians are a distinct people, governed by their own laws and customs. And we can not presume that a law conferring the benefit of an educational fund upon our own people embraces them, unless they are expressly named.
Indians are not designated as white men. If not, part Indians can not be pure white; and, to hold that all persons less than half Indian, are white, would establish a principle that would make all persons less than half black, or negro, white. This would admit into our common schools all persons who were less than half negro, or black. Now, it is known that the people of Ohio will not permit their children to be compelled to associate with persons of part negro blood in our schools. To prevent this matter,
the phraseology of the statute was carefully worded.
If it be desirable to extend the benefits of the educational fund of Ohio to Indians, and part Indians, the statute must be altered -r as it now stands, it excludes them.